# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STEIN MART, INC. a Florida corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

See Attachment

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**JUL 2 5 2019**

BY _____
JACQUELINE HARNESS, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino County Superior Court
247 West Third Street San Bernardino, CA 92415-0210

**CASE NUMBER:**
*(Número del Caso):*

**CIV DS 1 9 2 1 2 3 0**

BYFAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Bainer Law Firm 1901 Harrison St. Ste. 1100 Oakland, CA 94612 (510) 922-1802

**DATE:** JUL 2 5 2019
*(Fecha)*

**Clerk, by** JACQUELINE HARNESS, **Deputy**
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Stein Mart, Inc. a Florida corporation

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL] COPY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Castaneda v. Stein Mart, Inc. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

SYLVIA GARZA-CASTANEDA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),

Page __2__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Matthew R. Bainer, Esq. (SBN 220972)
   **THE BAINER LAW FIRM**
2  1901 Harrison St., Suite 1100
   Oakland, California 94612
3  Telephone:    (510) 922-1802
   Facsimile:    (510) 844-7701
4  mbainer@bainerlawfirm.com

5  Attorneys for Plaintiff Sylvia Garza-Castaneda

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 2 5 2019

BY _____
JACQUELINE HARNESS, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN BERNARDINO

10                        **CIV DS 1 9 2 1 2 3 0**

11 SYLVIA GARZA-CASTANEDA,              Case No.:
   individually, and on behalf of other
12 members of the general public similarly  **CLASS ACTION COMPLAINT &**
   situated, and as aggrieved employees    **ENFORCEMENT UNDER THE PRIVATE**
13 pursuant to the Private Attorneys General **ATTORNEYS GENERAL ACT,**
   Act ("PAGA"),                          **CALIFORNIA LABOR CODE §§ 2698 ET**
14                                         **SEQ.**

15         Plaintiff,                      (1) Violation of California Labor Code §§ 510
                                               and 1198 (Unpaid Overtime);
16      vs.                               (2) Violation of California Labor Code
                                               §§ 1194, 1197, and 1197.1 (Unpaid
17 STEIN MART, INC. a Florida corporation;     Minimum Wages);
   and DOES 1 through 100, inclusive,     (3) Violation of California Labor Code
18                                             §§ 226.7 and 512(a) (Unpaid Meal Period
         Defendants.                           Premiums);
19                                         (4) Violation of California Labor Code § 226.7
                                               (Unpaid Rest Period Premiums);
20                                         (5) Violation of California Labor Code §§ 201
                                               and 202 (Wages Not Timely Paid Upon
21                                             Termination);
                                           (6) Violation of California Labor Code §
22                                             226(a) (Non-Compliant Wage Statements);
                                           (7) Violation of Labor Code §§ 2698, et seq.
23                                             ("PAGA"); and
                                           (8) Violation of California Business &
24                                             Professions Code §§ 17200, *et seq.*

25                                         **Jury Trial Demanded**

26

27                                                      B Y F A X

28

────────────────────────────────────────
                    CLASS ACTION COMPLAINT

1    Plaintiff, individually and on behalf of all other members of the public similarly

2    situated, alleges as follows:

3    **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to California Code of Civil Procedure

5    section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial.

7    2.    This Court has jurisdiction over this action pursuant to the California

8    Constitution, Article VI, section 10. The statutes under which this action is brought do not

9    specify any other basis for jurisdiction.

10    3.    This Court has jurisdiction over all Defendants because, upon information and

11    belief, Defendants are either citizens of California, have sufficient minimum contacts in

12    California, or otherwise intentionally avail themselves of the California market so as to render

13    the exercise of jurisdiction over them by the California courts consistent with traditional

·14    notions of fair play and substantial justice.

15    4.    Venue is proper in this Court because the acts and omissions alleged herein

16    took place in this county.

17    5.    California Labor Code sections 2699 et seq., PAGA, authorizes aggrieved

18    employees to sue directly for various civil penalties under the California Labor Code.

19    6.    Plaintiff timely provided notice on May 16, 2019 to the California Labor and

20    Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor

21    Code section 2699.3.

22    **THE PARTIES**

23    7.    Plaintiff Sylvia Garza-Castaeda is a resident of the State of California.

24    8.    Defendant Stein Mart, Inc. ("Defendant") was and is, upon information and

25    belief, a Florida corporation and, at all times hereinafter mentioned, an employer whose

26    employees are engaged throughout the State of California, or the various states of the United

27    States of America.

28    9.    Plaintiff is unaware of the true names or capacities of the Defendants sued

Page 1

CLASS ACTION COMPLAINT

1    herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

2    amend the complaint and serve such fictitiously named Defendants once their names and

3    capacities become known.

4          10.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through

5    100 are the partners, agents, owners, shareholders, managers or employees of Defendant at all

6    relevant times.

7          11.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

8    acts and omissions alleged herein were performed by, or are attributable to, Defendant and/or

9    DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter

10   ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and

11   was acting within the course and scope of such agency, employment, joint venture, or

12   concerted activity with legal authority to act on the others' behalf.  The acts of any and all

13   Defendants represent and were in accordance with Defendants' official policy.

14         12.    At all relevant times, Defendants, and each of them, ratified each and every act

15   or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

16   and abetted the acts and omissions of each and all the other Defendants in proximately causing

17   the damages herein alleged.

18         13.    Plaintiff is informed and believes, and thereon alleges, that each of said

19   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

20   omissions, occurrences, and transactions alleged herein.

21                          **CLASS ACTION ALLEGATIONS**

22         14.    Plaintiff brings this action on her own behalf, as well as on behalf of each and

23   all other persons similarly situated, and thus, seeks class certification under California Code of

24   Civil Procedure section 382.

25         15.    All claims alleged herein arise under California law for which Plaintiff seeks

26   relief authorized by California law.

27         16.    Plaintiff's proposed class consists of and is defined as follows:

28                  All individuals who worked for Defendants in any retail store in

                                        Page 2
                              CLASS ACTION COMPLAINT

the state of California as a non-exempt, hourly-paid employee at any time during the period from four years prior to the filing of this Complaint until the date of certification ("Class").

17. Members of the Class will hereinafter be referred to as "class members."

18. Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

19. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiff and class members to work off-the-clock without payment;

(b) Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

(c) Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiff and class members;

(d) Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

(e) Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

(f) Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

(g) Whether Defendants failed to timely pay wages due to Plaintiff and class members during their employment, including meal and rest period premium wages;

(h) Whether Defendants failed to timely pay wages due to class members upon their discharge, including meal and rest period

CLASS ACTION COMPLAINT

premium wages;

(i)  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful or reckless;

(j)  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(k)  The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

20.    There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a)    Numerosity:  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be over forty and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

(c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will

CLASS ACTION COMPLAINT

1    continue to incur costs and attorneys' fees that have been, are and will

2    be necessarily expended for the prosecution of this action for the

3    substantial benefit of each class member.

4    (d)    Superiority:  The nature of this action makes the use of class action

5    adjudication superior to other methods.  A class action will achieve

6    economies of time, effort, and expense as compared with separate

7    lawsuits, and will avoid inconsistent outcomes because the same issues

8    can be adjudicated in the same manner and at the same time for the

9    entire class.

10    (e)    Public Policy Considerations:  Employers in the State of California

11    violate employment and labor laws every day.  Current employees are

12    often afraid to assert their rights out of fear of direct or indirect

13    retaliation.  Former employees are fearful of bringing actions because

14    they believe their former employers might damage their future

15    endeavors through negative references and/or other means.  Class

16    actions provide the class members who are not named in the complaint

17    with a type of anonymity that allows for the vindication of their rights at

18    the same time as their privacy is protected.

19    **GENERAL ALLEGATIONS**

20    21.    Defendants operate retail clothing stores in various locations throughout the

21    State of California.

22    22.    Defendants employed Plaintiff as a non-exempt, hourly-paid employee, in its

23    multiple California retail stores through approximately June of 2018.

24    23.    Defendants continue to employ non-exempt, hourly-paid employees at multiple

25    store locations throughout California.

26    24.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

27    mentioned, Defendants were advised by skilled lawyers and other professionals, employees

28    and advisors knowledgeable about California labor and wage law, employment and personnel

CLASS ACTION COMPLAINT

1    practices, and about the requirements of California law.

2        25.    Plaintiff is informed and believes, and thereon alleges, that employees were not

3    paid for all hours worked because all hours worked were not recorded.

4        26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5    should have known that Plaintiff and class members were entitled to receive certain wages for

6    overtime compensation and that they were not receiving certain wages for overtime

7    compensation.

8        27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9    should have known that Plaintiff and class members were entitled to receive at least minimum

10    wages for compensation and that, in violation of the California Labor Code, they were not

11    receiving at least minimum wages for work done off-the-clock.

12        28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

13    should have known that Plaintiff and other class members were entitled to receive all meal

14    periods or payment of one (1) additional hour of pay at Plaintiff and other class members'

15    regular rate of pay when they did not receive a timely, uninterrupted meal period, and that

16    they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff

17    and other class members' regular rate of pay when they did not receive a timely, uninterrupted

18    meal period.

19        29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20    should have known that Plaintiff and other class members were entitled to receive all rest

21    periods or payment of one (1) additional hour of pay at Plaintiff and other class members'

22    regular rate of pay when a rest period was missed, and that they did not receive all rest periods

23    or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate

24    of pay when a rest period was missed.

25        30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

26    should have known that Plaintiff and other class members were entitled to receive complete

27    and accurate wage statements in accordance with California law.  In violation of the California

28    Labor Code, Plaintiff and other class members were not provided with complete and accurate

1   wage statements.

2       31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

3   should have known that Plaintiff and other class members were entitled to timely payment of

4   wages during their employment.  In violation of the California Labor Code, Plaintiff and other

5   class members did not receive payment of all wages, including, but not limited to meal and

6   rest period premium wages, within permissible time periods.

7       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

8   should have known that terminated class members were entitled to timely payment of wages

9   upon termination.  In violation of the California Labor Code, terminated class members did

10  not receive payment of all wages, including, but not limited to meal and rest period premium

11  wages, within permissible time periods.

12      33.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

13  mentioned, Defendants knew or should have known that they had a duty to compensate

14  Plaintiff and other members of the class, and that Defendants had the financial ability to pay

15  such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

16  represented to Plaintiff and other class members that they were properly denied wages, all in

17  order to increase Defendants' profits.

18      34.    At all times herein set forth, PAGA was applicable to Plaintiff's employment

19  by Defendants.

20      35.    At all times herein set forth, PAGA provides that any provision of law under

21  the California Labor Code that provides for a civil penalty to be assessed and collected by the

22  LWDA for violations of the California Labor Code may, as an alternative, be recovered

23  through a civil action brought by an aggrieved employee on behalf of herself and other current

24  or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

25      36.    Pursuant to PAGA, a civil action under PAGA may be brought by an

26  "aggrieved employee," who is any person that was employed by the alleged violator and

27  against whom one or more of the alleged violations was committed.

28      37.    Plaintiff was employed by Defendants and the alleged violations were

Page 7

**CLASS ACTION COMPLAINT**

committed against him during his time of employment and he is, therefore, an aggrieved employee. Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

38.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a) The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b) The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

39.    On May 16, 2019 Plaintiff provided written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3. Defendants have failed to cure any of the alleged violations.

40.    Therefore, as of July 20, 2019, the administrative prerequisites under California

Page 8

1  Labor Code section 2699.3(a) are satisfied and Plaintiff has authorization to recover civil

2  penalties and unpaid wages against Defendants, in addition to other remedies, for violations of

3  California Labor Code sections 201, 202, 203, 204, 206.5, 226(a), 226.7, 510, 512, 1194,

4  1197, 1197.1, and 1198.

5                          **FIRST CAUSE OF ACTION**

6      **Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

7                            **(Against All Defendants)**

8          41.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

9  and every allegation set forth above.

10         42.    California Labor Code section 1198 makes it illegal to employ an employee

11 under conditions of labor that are prohibited by the applicable wage order.  California Labor

12 Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

13 shall be the . . . standard conditions of labor for employees.  The employment of any employee

14 . . . under conditions of labor prohibited by the order is unlawful."

15         43.    California Labor Code section 1198 and the applicable Industrial Welfare

16 Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

17 compensating them at a rate of pay either time-and-one-half or two-times that person's regular

18 rate of pay, depending on the number of hours worked by the person on a daily or weekly

19 basis.

20         44.    Specifically, the applicable IWC Wage Order provides that Defendants are and

21 were required to pay Plaintiff and class members employed by Defendants, and working more

22 than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-

23 and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40)

24 hours in a workweek.

25         45.    The applicable IWC Wage Order further provides that Defendants are and were

26 required to pay Plaintiff and class members employed by Defendants, and working more than

27 twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate

28 of pay.

46. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

47. During the relevant time period, Plaintiff and class members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week without receiving overtime compensation therefor. For one example, during the relevant time period, Defendants had policy and/or practices of requiring its employees to perform security searches of their belonging while off-the-clock. Because Plaintiff and class members worked shifts of eight (8) hours a day and/or forty (40) hours in a week, some of this uncompensated work time qualified for overtime premium.

48. Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

49. Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages

### (Against All Defendants)

50. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

51. At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. As set forth above, Defendants regularly required Plaintiff and

1   class members to work off-the-clock without compensation.  Defendants did not pay at least

2   minimum wages for all of these off-the-clock hours.  Also, to the extent that these off-the-

3   clock hours did not qualify for overtime premium payment, Defendants did not pay minimum

4   wages for those hours worked off-the-clock in violation of California Labor Code sections

5   1194, 1197, and 1197.1.

6        52.    Defendants' failure to pay Plaintiff and class members the minimum wage as

7   required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those

8   sections, Plaintiff and class members are entitled to recover the unpaid balance of their

9   minimum wage compensation, as well as interest, costs, and attorney's fees.

10       53.    Pursuant to California Labor Code section 1194.2, Plaintiff and class members

11   are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

12   and interest thereon.

13                     **THIRD CAUSE OF ACTION**

14   **Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period**

15                         **Premiums**

16                  **(Against All Defendants)**

17        54.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

18   and every allegation set forth above.

19        55.    At all relevant times herein set forth, the applicable California Industrial

20   Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and

21   512(a) were applicable to Plaintiff's and the other class members' employment by Defendants

22   and each of them.

23        56.    At all relevant times herein set forth, California Labor Code section 226.7

24   provides that no employer shall require an employee to work during any meal period

25   mandated by an applicable order of the California Industrial Welfare Commission (IWC).

26        57..    At all relevant times herein set forth, California Labor Code section 512(a)

27   provides that an employer may not require, cause, or permit an employee to work for a period

28   of more than five (5) hours per day without providing the employee with a meal period of not

1    less than thirty (30) minutes, except that if the total work period per day of the employee is
2    not more than six (6) hours, the meal period may be waived by mutual consent of both the
3    employer and the employee.

4        58.    During the relevant time period, Plaintiff and other class members scheduled to
5    work for a period of time no longer than six (6) hours, and who did not waive their legally
6    mandated meal periods by mutual consent, were required to work for periods longer than five
7    (5) hours without a meal period of not less than thirty (30) minutes.

8        59.    During the relevant time period, Defendants willfully required Plaintiff and
9    other class members to work during meal periods and failed to compensate them for work
10   performed during meal periods.  For example, Defendants had policies and/or practices of
11   required its employees to submit to off-the-clock security checks and/or to remain on the
12   premises during their meal periods. These activities often occurred during these employees'
13   unpaid meal breaks. Resultantly, Plaintiff and other class members were required to work
14   through meal periods, cut their meal periods short, suffer interruptions during meal periods,
15   and/or take meal periods after the fifth hour of work because of Defendants' practices.
16   Defendants then failed to pay Plaintiff and other class members all meal period premiums due
17   pursuant to California Labor Code section 226.7.

18       60.    Defendants' conduct violates applicable Industrial Welfare Commission (IWC)
19   Wage Order(s), and California Labor Code sections 226.7 and 512(a).

20       61.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage
21   Order(s) and California Labor Code section 226.7(b), Plaintiff and other class members are
22   entitled to recover from Defendants one (1) additional hour of pay at the employee's regular
23   hourly rate of compensation for each work day that the meal period was not provided.

24       **FOURTH CAUSE OF ACTION**

25   **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**
26   **(Against All Defendants)**

27       62.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each
28   and every allegation set forth above.

63.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and class members' employment by Defendants.

64.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

65.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

66.    During the relevant time period, Defendants required Plaintiff and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to properly staff and coordinate employees' schedules lead to their being unable to take compliant rest breaks, even where they had knowledge about their rest break rights. Defendants then failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay Plaintiff and other class members rest period premiums in violation of California Labor Code section 226.7.

67.    During the relevant time period, Defendants failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.

68.    Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

69.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work

1    day that the rest period was not provided.

2    **FIFTH CAUSE OF ACTION**

3    **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

4    **Termination**

5    **(Against All Defendants)**

6    70.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

7    and every allegation set forth above.

8    71.    This cause of action is wholly derivative of and dependent upon the unpaid

9    wage claims set forth for unpaid overtime wages, unpaid minimum wages, and unpaid meal

10    and rest period premium wages, which remained unpaid upon termination of class members'

11    employment.

12    72.    At all times herein set forth, California Labor Code sections 201 and 202

13    provide that if an employer discharges an employee, the wages earned and unpaid at the time

14    of discharge are due and payable immediately, and that if an employee voluntarily leaves his

15    or her employment, his or her wages shall become due and payable not later than seventy-two

16    (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

17    his or her intention to quit, in which case the employee is entitled to his or her wages at the

18    time of quitting.

19    73.    During the relevant time period, Defendants willfully failed to pay class

20    members who are no longer employed by Defendants the earned and unpaid wages set forth

21    above, including but not limited to, overtime wages, minimum wages, and meal and rest

22    period premium wages, either at the time of discharge, or within seventy-two (72) hours of

23    their leaving Defendants' employ.

24    74.    Defendants' failure to pay those class members who are no longer employed by

25    Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

26    hours of their leaving Defendants' employ, is in violation of California Labor Code sections

27    201 and 202.

28    75.    California Labor Code section 203 provides that if an employer willfully fails

Page 14

1   to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

2   shall continue as a penalty from the due date, and at the same rate until paid or until an action

3   is commenced; but the wages shall not continue for more than thirty (30) days.

4         76.    Class members are entitled to recover from Defendants the statutory penalty

5   wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30)

6   day maximum pursuant to California Labor Code section 203.

7                             **SIXTH CAUSE OF ACTION**

8   **Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements**

9                              **(Against All Defendants)**

10        77.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

11  and every allegation set forth above.

12        78.    At all material times set forth herein, California Labor Code section 226(a)

13  provides that every employer shall furnish each of his or her employees an accurate itemized

14  wage statement in writing, including, but not limited to, the name and address of the legal

15  entity that is the employer, total hours worked, and all applicable hourly rates.

16        79.    Defendants have intentionally and willfully failed to provide employees with or

17  retain complete and accurate wage statements.  The deficiencies include, among other things,

18  failing to state all wages owed or paid including but not limited to, overtime wages, minimum

19  wages, and meal and rest period premium wages as a result of failing to properly record meal

20  period violations and/or premiums and failing to accurately identify the name and address of

21  the legal entity that employed Plaintiffs and class members.  Further, in violation of California

22  Labor Code section 226(a), Defendant does not maintain on file a copy of the itemized

23  statements provided to employees or a computer-generated record that accurately shows gross

24  wages earned for all hours worked and not recorded, total hours worked by the employee as a

25  result of working off the clock and not recording those hours, the inclusive dates of the period

26  for which the employee is paid, the name and address of the legal entity that is the employer,

27  and all applicable hourly rates in effect during the pay period and the corresponding number

28  of hours worked at each hourly rate by the employee as required by California Labor Code

1    section 226(a).

2    80.    As a result of Defendants' violation of California Labor Code section 226(a),

3    Plaintiff and class members have suffered injury and damage to their statutorily protected

4    rights.

5    81.    Specifically, Plaintiff and class members have been injured by Defendants'

6    intentional violation of California Labor Code section 226(a) because they were denied both

7    their legal right to receive, and their protected interest in receiving, accurate, itemized wage

8    statements under California Labor Code section 226(a).  In addition, because Defendants

9    failed to provide the accurate number of total hours worked on wage statements, Plaintiff has

10    been prevented by Defendants from determining if all hours worked were paid and the extent

11    of the underpayment.  Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time

12    records, and perform computations in order to analyze whether in fact Plaintiff was paid

13    correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and

14    lost time.  Plaintiff would not have had to engage in these efforts and incur these costs had

15    Defendants provided the accurate number of total hours worked.  This has also delayed

16    Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

17    82.    Plaintiff and class members are entitled to recover from Defendants the greater

18    of their actual damages caused by Defendants' failure to comply with California Labor Code

19    section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

20    employee.

21    **SEVENTH CAUSE OF ACTION**

22    **Violation of California Labor Code §§ 2698, *et seq.***

23    **(Against All Defendants)**

24    83.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

25    and every allegation set forth above.

26    84.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover

27    civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code

28    section 2699.5.

85.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part." `

86.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

a.  Violation of Labor Code sections 510 and 1198 for Defendants' failure to compensate Plaintiff and other aggrieved employees for all overtime hours at the applicable overtime rate as herein alleged;

b.  Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants' failure to compensate Plaintiff and other aggrieved employees for all hours worked with at least minimum wages as herein alleged;

c.  Violation of Labor Code Sections 512 and 226.7 for Defendants' failure to provide Plaintiff and other aggrieved employees with legally mandated meal periods and failing to compensate Plaintiff and other aggrieved employees with one hours of premium pay for unprovided meal periods as alleged herein;

d.  Violation of Labor Code Section 226.7 for Defendants' failure to provide Plaintiff and other aggrieved employees with legally mandated rest periods and failing to compensate Plaintiff and other aggrieved employees with one hours of premium pay for unprovided rest periods as alleged herein;

e.  Violation of Labor Code section 226(a) for failure to provide compliant wage statements to Plaintiff and other aggrieved employees, as herein alleged;

f.  Violation of Labor Code sections 201, 202, and 203 for failure to timely pay all earned wages to aggrieved employees upon discharge as herein alleged;

g.  Violation of Labor Code section 204 for failure to pay all earned wages owed to Plaintiff and other aggrieved employees during employment as set

CLASS ACTION COMPLAINT

1    forth more fully below; and

2         87.    California Labor Code section 1198 makes it illegal to employ an employee

3    under conditions of labor that are prohibited by the applicable wage order.  California Labor

4    Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

5    shall be the . . . standard conditions of labor for employees.  The employment of any employee

6    . . . under conditions of labor prohibited by the order is unlawful."

7         88.    California Labor Code section 204 requires that all wages earned by any person

8    in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

9    than those wages due upon termination of an employee, are due and payable between the 16th

10    and the 26th day of the month during which the labor was performed, and that all wages

11    earned by any person in any employment between the 16th and the last day, inclusive, of any

12    calendar month, other than those wages due upon termination of an employee, are due and

13    payable between the 1st and the 10th day of the following month.  California Labor Code

14    section 204 also requires that all wages earned for labor in excess of the normal work period

15    shall be paid no later than the payday for the next regular payroll period.  During the relevant

16    time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to

17    them, including, but not limited to, minimum wages and reporting time pay within any time

18    period specified by California Labor Code section 204.

19         89.    Defendants, at all times relevant to this complaint, were employers or persons

20    acting on behalf of an employer(s) who violated Plaintiff and aggrieved employees' rights by

21    violating various sections of the California Labor Code as set forth above.

22         90.    As set forth above, Defendants have violated numerous provisions of both the

23    Labor Code sections regulating hours and days of work as well as the applicable order of the

24    Industrial Welfare Commission and are subject to civil penalties, in addition to those provided

25    by Labor Code sections 2698 and 2699.

26         91.    Pursuant to PAGA, and in particular California Labor Code sections 2699,

27    2699.3 and 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks

28    assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved

1   employees, and the State of California against Defendants, in addition to other remedies, for

2   violations of California Labor Code sections 201, 202, 203, 204, 206.5, 226(a),  226.7, 510,

3   512, 1194, 1197, 1197.1, and 1198.

4   **EIGHTH CAUSE OF ACTION**

5   **Violation of California Business & Professions Code §§ 17200,** *et seq.*

6   **(Against All Defendants)**

7       92.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

8   and every allegation set forth above.

9       93.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

10  unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff seeks to

11  enforce important rights affecting the public interest within the meaning of Code of Civil

12  Procedure section 1021.5.

13      94.    Defendants' activities, as alleged herein, are violations of California law, and

14  constitute unlawful business acts and practices in violation of California Business &

15  Professions Code sections 17200, *et seq.*

16      95.    A violation of California Business & Professions Code sections 17200, *et seq.*

17  may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

18  policies and practices have violated state law in at least the following respects:

19          (c)    Requiring non-exempt employees, including Plaintiff and class

20                 members, to work overtime without paying them proper compensation

21                 in violation of California Labor Code sections 510 and 1198 and the

22                 applicable Industrial Welfare Commission Order;

23          (d)    Failing to pay at least minimum wage to Plaintiff and class members in

24                 violation of California Labor Code sections 1194, 1197 and 1197.1 and

25                 the applicable Industrial Welfare Commission Order;

26          (e)    Failing to pay reporting time pay for each day Plaintiff and class

27                 members were required to report for work and did report for work, but

28                 were not put to work by Defendant in violation of IWC Wage Order 7-

Page 19

1   2001 §5, 8 Cal. Code Reg. §11070;

2       (f)    Failing to provide meal and rest periods or to pay premium wages for

3   missed meal and rest periods to Plaintiff and class members in violation

4   of California Labor Code sections 226.7 and 512 and the applicable

5   Industrial Welfare Commission Order;

6       (g)    Failing to provide Plaintiff and class members with accurate wage

7   statements in violation of California Labor Code section 226(a) and the

8   applicable Industrial Welfare Commission Order; and

9       (h)    Failing to timely pay all earned wages to Plaintiff and class members in

10   violation of California Labor Code sections 210, 202, 203 and 204 and

11   the applicable Industrial Welfare Commission Order as set forth below.

12   96.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

13   Plaintiff and class members are entitled to restitution of the wages withheld and retained by

14   Defendants during a period that commences four years prior to the filing of this complaint; a

15   permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

16   class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

17   section 1021.5 and other applicable laws; and an award of costs.

18   **REQUEST FOR JURY TRIAL**

19   Plaintiff requests a trial by jury.

20   **PRAYER FOR RELIEF**

21   Plaintiff, on behalf of all others similarly situated, pray for relief and judgment against

22   Defendants, jointly and severally, as follows:

23   1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

24   excess of twenty-five thousand dollars ($25,000).

25   **Class Certification**

26   2.    That this case be certified as a class action;

27   3.    That Plaintiff be appointed as the representative of the Class;

28   4.    That counsel for Plaintiff be appointed as Class Counsel.

Page 20

CLASS ACTION COMPLAINT

As to the First Cause of Action

5.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to Plaintiff and class members;

11.    For general unpaid wages and such general and special damages as may be appropriate;

12.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

15.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

16.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC)

Page 21

CLASS ACTION COMPLAINT

1   Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

2       17.    That the Court make an award to the Plaintiff and class members of one (1)

3   hour of pay at each employee's regular rate of compensation for each workday that a meal

4   period was not provided;

5       18.    For all actual, consequential, and incidental losses and damages, according to

6   proof;

7       19.    For premiums pursuant to California Labor Code section 226.7(b);

8       20.    For pre-judgment interest on any unpaid meal period premiums from the date

9   such amounts were due; and

10      21.    For such other and further relief as the Court may deem equitable and

11  appropriate.

12                      **As to the Fourth Cause of Action**

13      22.    That the Court declare, adjudge and decree that Defendants violated California

14  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

15  rest periods to Plaintiff and class members;

16      23.    That the Court make an award to the Plaintiff and class members of one (1) hour

17  of pay at each employee's regular rate of compensation for each workday that a rest period

18  was not provided;

19      24.    For all actual, consequential, and incidental losses and damages, according to

20  proof;

21      25.    For premiums pursuant to California Labor Code section 226.7(b);

22      26.    For pre-judgment interest on any unpaid rest period premiums from the date

23  such amounts were due; and

24      27.    For such other and further relief as the Court may deem equitable and

25  appropriate.

26                      **As to the Fifth Cause of Action**

27      28.    That the Court declare, adjudge and decree that Defendants violated California

28  Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages,

Page 22

CLASS ACTION COMPLAINT

1  minimum wages, and meal and rest period premium wages owed at the time of termination of
2  the employment of class members no longer employed by Defendants.

3     29. For all actual, consequential and incidental losses and damages, according to
4  proof;

5     30. For statutory wage penalties pursuant to California Labor Code section 203 for
6  all class members who have left Defendants' employ;

7     31. For pre-judgment interest on any unpaid wages from the date such amounts
8  were due; and

9     32. For such other and further relief as the Court may deem equitable and
10  appropriate.

11  **As to the Sixth Cause of Action**

12     33. That the Court declare, adjudge and decree that Defendants violated the
13  recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage
14  Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized
15  wage statements thereto;

16     34. For all actual, consequential and incidental losses and damages, according to
17  proof;

18     35. For statutory penalties and injunctive relief pursuant to California Labor Code
19  section 226(e) and (h); and

20     36. For such other and further relief as the Court may deem equitable and
21  appropriate.

22  **As to the Seventh Cause of Action**

23     37. That the Court declare, adjudge and decree that Defendants violated the
24  following California Labor Code sections as to Plaintiff and/or other Aggrieved Employees:
25  510 and 1198 (by failing to pay all overtime wages); 1194, 1197, and 1197.1 (by failing to pay
26  at least minimum wages for all hours worked); 226.7 (by failing to provide meal or rest
27  periods or the required compensation in lieu thereof); 226(a) (by failing to provide accurate
28  and complete wage statements); 201, 202, 203 (by failing timely to pay all unpaid wages upon

1    termination); 204 (by failing timely to pay all earned wages during employment).

2         38.    For civil penalties pursuant to California Labor Code sections 210, 226.3,

3    1174.5, 1197.1, 2699(a) and/or 2699(f) and (g), for violations of California Labor Code

4    sections 201, 202, 203, 204, 206.5, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1 and 1198;

5                        **As to the Eighth Cause of Action**

6         39.    That the Court declare, adjudge and decree that Defendants violated California

7    Business and Professions Code sections 17200, *et seq.* by failing to pay overtime

8    compensation due, failing to pay at least minimum wages for all hours worked, failing to

9    provide meal and rest periods or premium wages in lieu thereof, failing to provide accurate

10    wage statements, and failing timely to pay all earned wages during employment and upon

11    termination;

12         40.    For restitution of unpaid wages to Plaintiff and all class members and

13    prejudgment interest from the day such amounts were due and payable;

14         41.    For the appointment of a receiver to receive, manage and distribute any and all

15    funds disgorged from Defendants and determined to have been wrongfully acquired by

16    Defendants as a result of violations of California Business & Professions Code sections 17200

17    *et seq.*;

18         42.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

19    California Code of Civil Procedure section 1021.5; and

20         43.    For such other and further relief as the Court may deem equitable and

21    appropriate.

22

23    Dated: July 24, 2019                    Respectfully submitted,

24                                      The Bainer Law Firm

25

26                             By: _____

27                                   Matthew R. Bainer, Esq.

28                                   Attorneys for Plaintiff Sylvia Garza-Castaneda

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew R. Bainer (No. 220972)<br>1901 Harrison St., Ste. 1100<br>Oakland, CA 94612<br>mbainer@bainerlawfirm.com<br>TELEPHONE NO.: 510-922-1802    FAX NO.: 510-844-7701<br>ATTORNEY FOR (Name): Taylor Hunt | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUL 25 2019<br><br>BY _____<br>JACQUELINE HARNESS, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street San Bernardino, CA 92415-0210
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District – Civil Division

CASE NAME:
Castaneda v. Stein Mart

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIV DS 1 9 2 1 2 3 0<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties     d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence     f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Eight
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 24, 2019

Matthew R. Bainer, Esq.
_____          ▶ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 7

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

CIV DS 1 9 2 1 2 3 0

Sylvia Garza-Castaneda, et. al.

Case No.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

BY FAX

Stein Mart, Inc., a Florida corporation, et. al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino _____ District of the Superior Court under Rule131 and General Order
of this court for the checked reason:

☑ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other Employment | Place of employment |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Place of Employment                                   10930 Foothill Blvd
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                ADDRESS

Rancho Cucamonga                    CA                    91730
CITY                                STATE                  ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and·that this declaration was
executed on July 24, 2019          at Oakland, CA
California.

_____
Signature of Attorney/Party

Form # 13-16503-360          CERTIFICATE OF ASSIGNMENT          Rev. June 2019
Mandatory Use

Exhibit A - Page 34